HOUSEMAN v. PHILADELPHIA TRANSPORTATION & LIGHTERAGE CO.

(Circuit Court, E. D. Pennsylvania. December 9, 1905.)

No. 26.

MASTER AND SERVANT—LIABILITY OF MASTER FOR SERVANT'S NEGLIGENCE.

A defendant cannot be held liable for a personal injury resulting from the negligence of an engineer, who, while in the general employ of defendant, was at the time of the injury in the special service of a third person, to whom he was hired by defendant, and was doing the work in which the negligence occurred under the orders of such third person.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 1213.]

At Law. On motion for new trial.

Willard M. Harris, for plaintiff.

Thomas Leaming, for defendant.

J. B McPHERSON, District Judge. When A., who is the general master of a servant, paying his wages and possessing the right of discharge, hires him for a special purpose to B., who has the right to direct the manner in which that purpose shall be accomplished, the question has often arisen whether A. or B. is responsible for the servant's negligence in the performance of the special work which B. has set him to do. Upon this question the authorities are not harmonious, and it would be of little use to discuss them again. Many of the cases have been referred to in the briefs of counsel, and I have given them due consideration. Upon the facts now before the court my conclusion is, that, as the engineer—who was employed and paid by the defendant company—was at the time of the injury to the plaintiff's husband in the special service of Frazer, who had the right to direct him how the poles should be unloaded from the lighter, and who had actually exercised that right by giving an order that they should be swung over to a wagon, instead of being unloaded on the edge of the wharf, and as the injury was done while this order was being executed, the defendant company cannot properly be held liable for the asserted negligence of the engineer while thus obeying the instructions of his immediate master.

Believing, therefore, that the jury were correctly instructed to find for the defendant, I feel obliged to refuse the motion for a new trial.